UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO._____

| | |
|---|---|
| ARLENE TAVARES AND RAFAEL TAVARES, | (Formerly Broward County Circuit Court Case No. CACE-20-004303) |
| Plaintiffs, | |
| vs. | |
| AMERICAN SECURITY INSURANCE COMPANY, | |
| Defendant. _____/ | |

## DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant American Security Insurance Company ("American Security"), pursuant to 28 U.S.C. §§ 1446 and 1332, hereby files this Notice of Removal and thereby removes to the United States District Court an action which is pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. The facts and legal authority supporting this Notice of Removal are as follows:

### A. BACKGROUND & CONDITIONS OF REMOVAL

1. On March 10, 2020, Plaintiffs Arlene Tavares and Rafael Tavares ("Plaintiffs"), filed this civil action against American Security in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Plaintiffs have asserted a cause of action against American Security for breach of contract under a lender-placed insurance certificate. Plaintiffs effectuated service of process on American Security on March 27, 2020.

2. Plaintiffs own the property located at 5901 Leeds Lane, Davie, Florida 33331 (the "Property"), which is the subject matter of this lawsuit. *See* Compl. ¶ 4. Public Records

obtained from the Broward County Property Appraiser's Website reflect that Plaintiffs have owned the Property since at least 2009. *See* printout from Broward County Property Appraiser Website, a true and correct copy of which is attached hereto as **Exhibit "1."**

3. American Security is a Delaware corporation with its principal place of business located at 260 Interstate North Cir., SE, Atlanta, Georgia, 30339. *See* printout from Florida Department of State, Division of Corporations' website, a true and correct copy of which is attached hereto as **Exhibit "2"**; *see also Licari v. American Sec. Ins. Co.*, Case No. 8:12–cv–2853–T–33EAJ, 2013 WL 268688 (M.D. Fla. Jan. 24, 2013) (finding American Security's principal place of business as Georgia).

4. Venue is proper in the United States District Court for the Southern District of Florida because the case is being removed from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

5. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of American Security's rights to assert any defenses or affirmative claims, including a counterclaim.

6. This Notice of Removal is being timely served and filed within the time allotted under 28 U.S.C. § 1446(b).

7. This action is not a non-removable action as described under 28 U.S.C. § 1445.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served as of this date is attached hereto as **Composite Exhibit "3."**

9. In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, American Security has served Plaintiffs with a copy of this Notice of Removal and has filed a Notice of Filing of Notice of Removal with the Clerk of the Court for

Broward County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "4."**

### B. THE COMPLAINT

10. Plaintiffs have sued American Security for damages allegedly caused to the Property. *See* **Composite Exhibit "3."** Plaintiffs did not plead a specific amount as damages in the Complaint nor attach any estimate of alleged damages.

11. The district court may find that it is "facially apparent" from the complaint that the amount in controversy requirement exceeds the jurisdictional minimum. *Id.* (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). If the jurisdictional amount is not apparent from the face of the complaint, then the court should look to the notice of removal and any relevant evidence available at the time the case was removed. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Roe v. Michelin N. Am.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("[I]n some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy."). The court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the case is removable. *Pretka*, 608 F.3d at 754.

12. On May 12, 2020, Plaintiffs' attorney emailed a copy of the supporting estimate to American Security which totals $121,962.53. A copy of the supporting estimate is attached as **Exhibit "5."** On or about December 27, 2019, American Security issued payment to Plaintiffs for the undisputed amount of $1,930.47 which factored in the insurance certificate deductible of $2,000.00. Applying the payment and deductible to the amount set forth in the estimate would reduce Plaintiffs alleged damages to $118,032.06.

13. Plaintiffs' Complaint also includes a demand for attorneys' fees pursuant to Fla. Stat. § 627.428. As such, the preponderance of the evidence shows that the jurisdictional threshold of $75,000 is satisfied. *See Vigoa v. Bank of Am., N.A.,* No. 07-23108-CIV, 2008 U.S. Dist. LEXIS 128689, at *4 (S.D. Fla. Mar. 10, 2008) (a settlement letter can constitute an "other paper" justifying removal under § 1446 (b)); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) ("Defendants may use a variety of documents, including a written settlement demand, as an "other paper" under 28 U.S.C. § 1446(b) to determine if the case is removable").

### C. LEGAL STANDARD

14. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States….where such action is pending."

15. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

> **(1)** citizens of different States;
>
> **(2)** citizens of a State and citizens or subjects of a foreign state;
>
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> **(4)** a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

16. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs (who are citizens of Florida) and Defendant

(American Security is a citizen of both Georgia and Delaware), and the amount in controversy is in excess of $75,000.

### D. CONCLUSION

As complete diversity and the jurisdictional amount have been met, this action is removable pursuant to 28 U.S.C. § 1332.

**WHEREFORE**, Defendant, American Security Insurance Company, respectfully requests that the aforesaid action now pending in the Circuit Court of the Seventeenth Judicial Circuit be removed to this Honorable Court.

Respectfully Submitted,

**SHUTTS & BOWEN LLP**
*Attorneys for Defendant, AMERICAN SECURITY INSURANCE COMPANY*
200 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33301
Telephone: (954) 524-5505
Facsimile: (954) 524-5506

By: */s/ Sara Levy*
    **Sara Levy, Esq.**
    Florida Bar No. 23767
    Email: slevy@shutts.com
    Suzanne M. Driscoll, Esq.
    Florida Bar No. 827797
    Email: sdriscoll@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June, 2020, a true and correct copy of the foregoing has been furnished *via* CM/ECF to Matthew B. Gold, Esquire, MBG Law Firm, 10101 W. Sample Road, Suite 111, Coral Springs, Florida 33065, (mgold@mbg-lawfirm.com, dshannon@mbg-laefirm.com).

/s/ *Suzanne M. Driscoll*
SUZANNE M. DRISCOLL

FTLDOCS 7966232 1